William GREULING, Jr., Appellant,

v.

**WELLS FARGO HOME MORTGAGE, INC., Respondent.**

No. A04–506.

Court of Appeals of Minnesota.

Jan. 4, 2005.

David W. VanDerHeyden, VanDerHeyden and Ruffalo, P.A., Rochester, MN, for appellant.

Virginia A. Bell, Mary R. Vasaly, Elizabeth J. Anderson, Maslon, Edelman, Borman & Brand, L.L.P., Minneapolis, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge; STONEBURNER, Judge; and PARKER, Judge.*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

STONEBURNER, Judge.

Appellant William Greuling challenges summary judgment granted to respondent Wells Fargo Home Mortgage, Inc. on his claims of negligent misrepresentation, promissory estoppel, and equitable estoppel.[1] We affirm.

## FACTS

Greuling asserts that he was induced to purchase a home on unfavorable terms by a promise made by Wells Fargo agent Scott Malo that Wells Fargo would "refinance the entire transaction" immediately after closing. Greuling had been working with Malo to finance the purchase. After closing, Greuling contacted Wells Fargo about refinancing and was told that he had to wait six months before the mortgage could be refinanced due to federal regulations. Greuling made only one payment on the mortgage to Wells Fargo, and Wells Fargo eventually foreclosed. Greuling lived in the house for approximately 16 months. About seven months after Greuling was required to leave the home he sued Wells Fargo alleging, among other things, breach of a contract to refinance, promissory estoppel, negligent misrepresentation, and equitable estoppel. The district court granted summary judgment to Wells Fargo dismissing all of Greuling's claims. This appeal followed.

## ISSUES

I. Did the district court err by granting summary judgment on Greuling's claim of negligent misrepresentation?

II. Does Minn.Stat. § 513.33, subd. 3(a) (2002), prevent a claim of promissory estoppel to enforce an oral promise to refinance a mortgage loan?

III. Did the district court err by granting summary judgment on Greuling's equitable estoppel claim?

## ANALYSIS

### I. Summary Judgment Standard of Review

"On an appeal from summary judgment we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district court] erred in [its] application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990).

> A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law. On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted.

*Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). There is no genuine issue of material fact when the record on the whole "could not lead a rational trier of fact to find for the non-moving party." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997). To resist summary judgment, a party must produce more than mere averments; the party must establish the genuine issue for trial through substantial evidence. *Id.* at 69–71. When summary judgment is granted based on the application of a statute to undisputed facts, the result is a legal con-

---

1. Although Greuling's statement of the case filed on appeal noted that he is appealing summary judgment granted on his claim of breach of contract, this issue was not briefed on appeal and is therefore waived. *Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1982).

clusion, reviewed de novo. *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998).

## II. Negligent Misrepresentation

■ Greuling contends that there are issues of fact regarding whether Malo's representation that refinancing would be available immediately after closing induced Greuling to close under unfavorable terms, causing significant damages.

■ In *Bonhiver v. Graff,* the supreme court adopted The Restatement (Second) of Torts § 552 (1976), which states:

> [O]ne who, in the course of his business, profession, or employment, or in [any other] transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

311 Minn. 111, 122, 248 N.W.2d 291, 298 (Minn.1976).[2] An objective standard of reasonable care is applied to those who make misrepresentations in the course of their employment. *Safeco Ins. Co. of Am. v. Dain Bosworth Inc.,* 531 N.W.2d 867, 870 (Minn.App.1995), *review denied* (Minn. July 20, 1995).

For purposes of summary judgment, there is no dispute that Malo owed a duty of care to Greuling, and misrepresented the availability of refinancing in the course of Malo's employment. But Wells Fargo asserts that Greuling has failed to raise a genuine issue of material fact that he justifiably relied on the misrepresentation and

that the facts conclusively demonstrate that the damages he claims result only from his failure to make payments on the mortgage. The district court agreed, noting that Greuling was under a contractual obligation to close before the misrepresentation was made, and the evidence conclusively shows that Greuling's damages were not caused by Malo's misrepresentation but rather were caused by Greuling's decision not to make payments on the mortgage, resulting in the deficiency judgment foreclosure.

■ Greuling contends that it is "evident" that he relied on the misrepresentation in deciding to close and asserts that whether his reliance was justifiable is a fact question for the jury. *See, e.g., Berg v. Xerxes–Southdale Office Bldg. Co.,* 290 N.W.2d 612, 616 (Minn.1980) (finding reasonable reliance to be a question of fact). Whether reliance is justifiable becomes a question of law if there is no evidence supporting a contrary conclusion. *Frerichs Constr. Co. v. Minnesota Counties Ins. Trust,* 666 N.W.2d 398, 402 (Minn. App.2003), *review dismissed* (Minn. Oct. 2, 2003).

At oral argument on appeal, Greuling asserted that there is a genuine issue of material fact about whether Greuling's failure to make mortgage payments was part of his justifiable reliance on the promise of refinancing. But the record does not support this contention. Greuling testified that he "wasn't all that concerned" about making payments on the Wells Fargo mortgage "operating under the idea that this thing was going to be taken out … But secondly, once [I learned that I could not refinance] I was like, you know, I was so angry. It wasn't that I didn't admit

---

**2.** The *Bonhiver* court cited to the draft of the Restatement, but the cite to the draft has been held to mean that the Restatement itself has

been adopted. *Florenzano v. Olson,* 387 N.W.2d 168, 174 n. 3 (Minn.1986).

that I owed the mortgage, but I'll be damned if I'm going to try to find somebody to take all of you out." Greuling acknowledged receiving a warning letter from Wells Fargo seven months before the foreclosure. He admitted that he could have made payments, but did not think that making payments made sense because he still wanted to refinance and would then owe pre-payment penalties. Under the facts of this case, we conclude that the district court did not err by concluding that Greuling failed to establish a genuine issue of material fact regarding damages and, as a matter of law, Greuling's damages were caused by his failure to make mortgage payments.

The district court also concluded that Greuling failed to establish a genuine fact question that he closed in reliance on the promise of immediate refinancing and that even if he had raised such a fact question, reliance was not justifiable as a matter of law because of the vagueness of the promise. The parties agree that no terms of refinancing were discussed. Because we affirm summary judgment on the element of damages, we do not address these additional grounds for summary judgment.

### III. Promissory Estoppel

■ The district court concluded that Greulings claims of breach of contract, promissory estoppel, and equitable estoppel are barred by Minn.Stat. 513.33 (2002). The statute provides, in relevant part:

> Subd. 2. Credit agreements to be in writing. A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
>
> Subd. 3. Actions not considered agreements. (a) The following actions do not give rise to a claim that a new

credit agreement is created, unless the agreement satisfies the requirements of subdivision 2:

> . . . .
>
> (3)the agreement by a creditor to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under prior credit agreements, or extending installments due under prior credit agreement.

Minn.Stat. 513.33, subds. 2 and 3(a)(3).

■ "Promissory estoppel is an equitable doctrine that implies a contract in law where none exists in fact." *Martens v. Minnesota Mining & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn.2000) (quotation and citations omitted). Promissory estoppel has three elements: (1) a clear and definite promise; (2) the promisor intended to induce reliance and such reliance occurred; and (3) the promise must be enforced to prevent injustice. *Olson v. Synergistic Techs. Bus. Sys., Inc.*, 628 N.W.2d 142, 152 (Minn.2001). The court considers the injustice factor as a matter of law, looking to the reasonableness of the promisee's reliance and weighing public policies (in favor of both enforcing bargains and preventing unjust enrichment). *Faimon v. Winona State Univ.*, 540 N.W.2d 879, 883 (Minn.App.1995), *review denied* (Minn. Feb. 9, 1996). When the facts are taken as true, it is a question of law as to whether they rise to the level of promissory estoppel. *Martens*, 616 N.W.2d at 746. Finally, an express contract covering the same subject matter will preclude the application of promissory estoppel. *Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 283, 230 N.W.2d 588, 593 (1975).

This court has found that claims on agreements falling under section 513.33 fail as a matter of law if the agreement is

not in writing. *See Becker v. First Am. State Bank of Redwood Falls*, 420 N.W.2d 239, 241 (Minn.App.1988). Greuling relies on *Norwest Bank Minnesota, N.A. v. Midwestern Mach. Co.*, 481 N.W.2d 875, 880 (Minn.App.1992), *review denied* (Minn. May 15, 1992) for the proposition that "an agreement may be taken outside of [§ 513.33] by equitable or promissory estoppel." But *Norwest* is distinguishable because the alleged promise in that case did not fall under any of the specifically enumerated agreements in the statute. There the promise concerned additional terms alleged to be part of an existing written transaction. *Id.* at 880. *Norwest* cites *Berg v. Carlstrom*, 347 N.W.2d 809, 812 (Minn.1984), but *Berg* predates the 1985 enactment of section 513.33. In this case, Greuling is asserting an agreement to enter into a new credit agreement. The plain and unambiguous language of the statute clearly prohibits a claim that a new credit agreement is created unless the agreement is in writing, expresses consideration, sets forth all relevant terms and conditions, and is signed by the creditor and debtor. None of those requirements is met in this case. The district court correctly determined that section 513.33 precludes Greuling's claim of promissory estoppel to establish a new credit agreement.

## IV. Equitable Estoppel

Greuling asserts on appeal that section 513.33 does not bar his equitable estoppel claim. But Greuling's complaint stated only that "[Wells Fargo] is equitably estopped from relying on Minn.Stat. § 47.206, Interest Rate or Discount Point Agreements." Wells Fargo did not rely on that statute and Greuling did not brief or argue any other theory of equitable estoppel in the district court. This court generally will not consider matters not raised or considered in the court below. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988).

We decline to address Greuling's theory of equitable estoppel raised for the first time on appeal.

## DECISION

The district court did not err in granting summary judgment on Greuling's negligent misrepresentation claim because Greuling failed to raise a genuine issue of material fact that the damages he claims were caused by the misrepresentation alleged. Minn.Stat. § 513.33, subd. 3(a)(3), precludes Greuling's claim of promissory estoppel. Appeal from the summary judgment on breach of contract was waived by failure to brief the issue on appeal. We decline to reach the issue of equitable estoppel raised for the first time on appeal.

**Affirmed.**