# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-2468

———————————————

Tracy Walker,

*Plaintiff - Appellant,*

v.

Trinity Marine Products, Inc.; Trinity Industries, Inc.,

*Defendants - Appellees.*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: January 15, 2013
Filed: July 19, 2013

——————————

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Tracy Walker sued Trinity Marine Products, Inc. ("Trinity"), her former employer, alleging that Trinity had interfered with rights provided to her by the

Family and Medical Leave Act of 1993 ("FMLA"). 29 U.S.C. § 2601 *et seq.* The district court[1] granted Trinity's motion to dismiss the case, and we affirm.

I.

Walker began work as a welder at Trinity's facility in Caruthersville, Missouri, in 2007. In May 2009, Trinity informed Walker that it believed she suffered from a serious health condition, placed her involuntarily on FMLA leave, and required her to obtain a certification from a physician of her fitness to return to work. A physician examined Walker and found her fit to work. Walker presented the physician's certification to Trinity. Trinity nonetheless refused to permit Walker to return to work and required her to obtain a second medical opinion. A second physician examined Walker on or around June 30, 2009, and deemed her fit to work without restrictions. When Walker presented the second physician's certification to Trinity, Trinity again refused to allow her to return to work. Instead, Trinity instructed Walker to consult a physician at Vanderbilt University Medical Center.

A Vanderbilt physician examined Walker twice in July 2009, and determined that Walker was able to return to work without restrictions. The physician posted a letter regarding Walker's fitness on September 2, 2009, and it arrived in the mail at Walker's home on Saturday, September 5, 2009. On September 8, 2009, following the Labor Day holiday, Walker presented the physician's assessment to Trinity. When Walker submitted this third certification to Trinity, Trinity informed Walker that she had exhausted her available FMLA leave in August 2009, and the company terminated her employment.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Walker sued Trinity on May 27, 2011, alleging that Trinity interfered with her rights under the FMLA by placing her involuntarily on FMLA leave while she was healthy, and by refusing to permit her to return to work. She also asserted that Trinity unlawfully terminated her because she attempted to exercise her right to return to the position that she held prior to taking leave. Trinity responded that Walker failed to state a claim because she never suffered a serious health condition that entitled her to FMLA leave in the first place. *Id.* § 2612(a)(1)(D).

The district court determined that Walker had failed to allege actionable interference with any FMLA benefit to which she was entitled. On her claim of unlawful termination, the court ruled that Walker could not show that she had engaged in any activity protected by the statute. The court dismissed the complaint, and we review that decision *de novo*. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

## II.

The FMLA entitles eligible employees of covered employers to twelve working weeks of unpaid leave during any twelve-month period under certain enumerated circumstances, including when the employee suffers from "a serious health condition that makes the employee unable to perform the functions" of her position. 29 U.S.C. § 2612(a)(1)(D). With exceptions not relevant here, an eligible employee who takes leave for a serious health condition is entitled, upon her return to work, to be restored to a position that is the same as, or substantially equivalent to, the position that she occupied when the leave began. *Id.* § 2614(a). The FMLA prohibits an employer from interfering with, restraining, or denying an employee's exercise of or attempt to exercise rights afforded to the employee by the statute. *Id.* § 2615(a)(1). *See generally Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012).

## A.

Walker's first claim is that Trinity interfered with benefits to which she was entitled under the FMLA by placing her involuntarily on FMLA leave when she did not suffer from a serious health condition. She contends that by forcing her to use FMLA leave at a time not of her choosing, Trinity interfered with her right to use FMLA leave when she actually needed it. This court has not addressed whether placing an employee involuntarily on FMLA leave is a form of interference made actionable by the statute, but even assuming there is such a cause of action, Walker's claim would not succeed.

Walker relies on *Wysong v. Dow Chemical Co.*, 503 F.3d 441 (6th Cir. 2007), which concluded that an employee who alleges that she was forced unnecessarily to take leave may state "a type of interference claim." *Id*. at 449; *see also Hicks v. Leroy's Jewelers, Inc.*, No. 98-6596, 2000 WL 1033029, at *3-4 (6th Cir. July 17, 2000). *Cf. Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 175 (2d Cir. 2006) ("[F]orced leave, by itself, does not violate any right provided by the FMLA."); *Foster v. New Jersey Dep't of Transp.*, 255 F. App'x 670, 671 n.1 (3d Cir. 2007) (same). In recognizing such a claim, however, the Sixth Circuit emphasized that it "ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past." *Wysong*, 503 F.3d at 449.

Walker does not assert that she was denied FMLA leave as a result of taking the leave that Trinity required. Instead, she argues that her claim is ripe because her termination amounts to "actual harm as a result of the forced leave." In her view, some form of harm is all that should be required. In our view, if forced leave can amount to interference with a right provided under the FMLA, it can do so only if the employer's action prevents the employee from using benefits to which she is entitled

-4-

under the Act. The statute entitled Walker to a certain amount of leave. Trinity did not interfere with that entitlement. The district court correctly dismissed this claim.

## B.

Walker's second claim is that Trinity interfered with benefits to which she was entitled under the FMLA by refusing to permit her to return to work, even after she received multiple certifications of her fitness to do so. Because Walker admits that she never suffered a serious health condition within the meaning of the Act, we conclude that she has no right to the benefits provided by the FMLA.

Walker claims that despite her admission, equitable considerations prevent Trinity from denying that she was entitled to the protection of the FMLA. She points out that Trinity treated her as having a serious health condition when the company required her to take leave from work, and says that the company is bound by that designation.

The only equitable claim that Walker raised in the district court, and thus the only contention that we consider on appeal, was equitable estoppel. She relied on *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579 (7th Cir. 2000), where the court hypothesized that the doctrine of estoppel might, in an appropriate case, preclude an employer from denying an employee's claim of eligibility for benefits. *Id.* at 582. Assuming that estoppel may apply in the FMLA context, *cf. Reed v. Lear Corp.*, 556 F.3d 674, 678 (8th Cir. 2009), a plaintiff invoking the doctrine must show that she has changed her position to her detriment in reasonable reliance on another's misleading representation. *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 59 (1984); *see also Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 493-94 (8th Cir. 2002). Walker has not established a submissible case of detrimental reliance.

Walker's only colorable argument of reliance is that she sought several medical opinions based on Trinity's insistence that she suffered from a serious medical condition that required a certification of fitness before she could return to work. The FMLA's enforcement provisions, however, limit damages to "actual monetary losses sustained by the employee as a direct result" of the claimed interference with the employee's FMLA rights. 29 U.S.C. § 2617(a)(1)(A)(i)(II). Walker has not identified any actual monetary losses. The inconvenience of traveling to medical appointments and enduring medical examinations is not a cognizable detriment for purposes of an equitable estoppel claim invoking the FMLA. The district court thus correctly dismissed Walker's claim to entitlement by estoppel.

C.

Finally, Walker argues that Trinity discriminated against her, in violation of the FMLA, when it terminated her after she attempted to exercise her right to be restored to her position by submitting certifications of her fitness to work. To state a claim for unlawful discrimination, Walker must show that she engaged in conduct protected by the FMLA and suffered a materially adverse employment action as a result. *See Quinn v. St. Louis Cnty.*, 653 F.3d 745, 754 (8th Cir. 2011). We conclude that Walker cannot show that her acts were protected by the FMLA.

Trinity's mistaken belief that Walker suffered a serious health condition could not entitle Walker to the benefits of the FMLA. Though some federal statutes permit an employee who is "regarded as" impaired by her employer to sue, *see* 42 U.S.C. § 12102, the FMLA makes no provision for claims based on an employer's perception of its employee's health. *See* 29 U.S.C. § 2615; *see also Duhy v. Concord Gen. Mut. Ins. Co.*, No. 1:08-cv-00192-JL, 2009 WL 1650024, at *7 (D.N.H. June 10, 2009). Walker does not contend that she had a serious health condition—to the contrary, Walker argues that Trinity's actions were unlawful precisely because she was able-bodied and capable of performing the essential functions of her position. Because

Walker did not have a serious health condition and does not assert that she met any other criteria that triggers protection under the statute, Walker was not entitled to FMLA leave. *See* 29 U.S.C. § 2612(a)(1). Because Walker's leave was not for an "intended purpose" of the statute, Walker has no statutory right to be restored to her former position. *Id.* § 2614(a)(1). As a result, Walker's efforts to persuade Trinity to permit her to return to work were not activities protected by the statute, and the district court correctly dismissed her discrimination claim.

\* \* \*

The judgment of the district court is affirmed.

_____