# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1164

_____

Etta Bracewell; Samuel Parsons,

*Plaintiffs - Appellants*,

v.

U.S. Bank National Association,

*Defendant - Appellee*.

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 21, 2013
Filed: April 4, 2014

_____

Before RILEY, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Etta Bracewell and Samuel Parsons, a married couple, sued U.S. Bank National Association ("U.S. Bank"), seeking to void a mortgage foreclosure sale of their home. Bracewell and Parsons allege that U.S. Bank represented orally that it would postpone the foreclosure sale, but then proceeded anyway. They seek relief based on common-

law claims of negligent misrepresentation and equitable estoppel. The district court[1] granted the bank's motion to dismiss the case, and we affirm.

I.

Bracewell borrowed money from U.S. Bank in 2003 to purchase a home. She fell behind on her loan payments, and the bank invited her in September 2011 to apply for a loan modification. Bracewell faxed an application to the bank in October 2011, but in November, the bank served Bracewell with a Notice of Mortgage Foreclosure Sale. Later that month, the bank sent Bracewell another letter, requesting that she submit more documentation to complete the application for modification of the loan.

In late December 2011, Bracewell faxed the requested documents, and Parsons called the bank to confirm receipt. Parsons spoke with "Paul" at U.S. Bank, who stated that the bank needed another form from Bracewell; she faxed the requested document the next day. Parsons called U.S. Bank again on or about December 22. "Paul" allegedly told Parsons that he had received all the necessary documents, and that the sheriff's sale, then scheduled for December 29, was "off." According to Parsons, "Paul" said the bank would review the application and give Bracewell and Parsons a response after the holidays. But on December 29, U.S. Bank purchased the home at the sheriff's sale.

Bracewell and Parsons responded by suing the bank in state court. The two-count complaint alleged claims of negligent misrepresentation and equitable estoppel, and sought an order declaring void the sheriff's sale of the home. The bank removed the case to federal court based on diversity of citizenship and moved to dismiss the

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

complaint. The district court determined that the claims were barred by the Minnesota Credit Agreement Statute, Minn. Stat. § 513.33, and granted the motion. We review the decision *de novo*. *Walker v. Trinity Marine Prods., Inc.*, 721 F.3d 542, 544 (8th Cir. 2013).

## II.

The Minnesota Credit Agreement Statute provides: "A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Minn. Stat. § 513.33, subd. 2. A "credit agreement" is "an agreement to lend or forbear repayment of money, . . . to otherwise extend credit, or to make any other financial accommodation." *Id.* § 513.33, subd. 1. A promise to postpone a foreclosure sale is a "financial accommodation," and therefore a "credit agreement," within the meaning of the statute. *Brisbin v. Aurora Loan Servs., LLC*, 679 F.3d 748, 752 (8th Cir. 2012). The statute thus "prohibits the enforcement of an oral promise to postpone a foreclosure sale." *Id*. at 753. This court in *Brisbin* affirmed the dismissal of a promissory estoppel claim because it was barred by the Minnesota Credit Agreement Statute.

Bracewell and Parsons argue that the Minnesota Credit Agreement Statute does not bar their claim of negligent misrepresentation as pleaded in Count I of the complaint. They observe that *Brisbin*, 679 F.3d at 754, and *Greuling v. Wells Fargo Home Mortgage, Inc.*, 690 N.W.2d 757, 761 (Minn. Ct. App. 2005), rejected claims of negligent misrepresentation on the merits without mentioning the statute. But as the Minnesota Court of Appeals explained in responding to a similar argument, that a previous negligent misrepresentation claim was dismissed on other grounds does not mean the statute "*could not* bar a claim for negligent misrepresentation." *Alliance Bank v. Dykes*, Nos. A12-0455, A12-0485, A12-0486, 2012 WL 6734457, at *6

(Minn. Ct. App. Dec. 31, 2012) (unpublished). The decisions in *Brisbin* and *Greuling* simply did not address the question.

We conclude that the claim of negligent misrepresentation in this case is barred by the Minnesota Credit Agreement Statute. It is "an action on a credit agreement," and the debtors thus "may not maintain" it unless the agreement purportedly arising from the alleged misrepresentation is in writing. Minn. Stat. § 513.33, subd. 2. "Any party asserting the existence of a 'credit agreement' must comply with the writing and signature requirements of section 513.33, *regardless of the type of claim the agreement is alleged to support*." *BankCherokee v. Insignia Dev., LLC*, 779 N.W.2d 896, 903 (Minn. Ct. App. 2010) (emphasis added). We think it likely that the Minnesota Supreme Court would conclude that the Minnesota Credit Agreement Statute precludes the negligent-misrepresentation claim brought by Bracewell and Parsons. *Accord Alliance Bank*, 2012 WL 6734457, at \*6; *see also Labrant v. Mortg. Elec. Registration Sys., Inc.*, 870 F. Supp. 2d 671, 681 n.3 (D. Minn. 2012).

Bracewell and Parsons argue, however, that equitable estoppel is available as a defense to the bank's reliance on the Minnesota Credit Agreement Statute. Equitable estoppel is "a judicial remedy in which one party to a controversy is precluded because of some improper action on his part from asserting a particular claim or defense, even one with merit." *Ridgewood Dev. Co. v. State*, 294 N.W.2d 288, 293 (Minn. 1980). The homeowners cite *Brickwell Community Bank v. Wycliff Associates II, LLC*, No. A10-1396, 2011 WL 1237524, at \*5-6 (Minn. Ct. App. Apr. 5, 2011) (unpublished), where the Minnesota Court of Appeals held that equitable estoppel is available as a defense to reliance on the writing requirement of the Minnesota Credit Agreement Statute. *See also Stumm v. BAC Home Loans Servicing, LP*, 914 F. Supp. 2d 1009, 1016-17 & n.4 (D. Minn. 2012) (collecting cases).

In our view, the complaint in this case—despite using the label of "Equitable Estoppel" in Count II—does not in substance plead a claim of equitable estoppel.

Rather, looking beyond the label to the actual nature of the cause of action pleaded, *see Olson v. Synergistic Techs. Bus. Sys., Inc.*, 628 N.W.2d 142, 153 (Minn. 2001), the complaint in substance alleges a claim of *promissory* estoppel. As one treatise summarizes the difference, "[a] claim is more appropriately analyzed under the doctrine of promissory estoppel, not equitable estoppel, where representations upon which the plaintiff allegedly relied are more akin to statements of future intent than past or present fact." 28 Am. Jur. 2d *Estoppel & Waiver* § 34 (2014).

Bracewell and Parsons rely in Count II of their complaint on "U.S. Bank's representations related to *its intent to cancel the sheriff's sale*." R. Doc. 1-1, at 9 (emphasis added). They urge that "U.S. Bank's representation that *it would postpone* the sheriff's sale *must be enforced*." *Id*. at 10 (emphasis added). The homeowners do not really seek, based on a misrepresentation of past or present fact, to estop the bank from asserting the statute of frauds as a defense against a claim of negligent misrepresentation. Instead, they wish to enforce the bank's alleged oral promise that the sheriff's sale would not proceed in the future. Therefore, the claim in Count II is barred by the Minnesota Credit Agreement Statute, and the district court properly dismissed it. *Brisbin*, 679 F.3d at 753; *see also BankCherokee*, 779 N.W.2d at 903.

\* \* \*

The judgment of the district court is affirmed.

_____