*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1358**

Patrick M. Figgins,
Appellant,

vs.

Noah Wilcox,
Respondent,
and
Grand Rapids State Bank,
defendant/counterclaimant and third party plaintiff,
Respondent,

vs.

Patrick Figgins,
third party defendant,
Appellant,
John Doe, et al.,
Third Party Defendants.

**Filed April 27, 2015
Affirmed
Reyes, Judge**

Itasca County District Court
File No. 31CV133452

Jerome D. Feriancek, Thibodeau, Johnson & Feriancek, P.L.L.P., Duluth, Minnesota (for appellant)

Stephanie A. Ball, Eric S. Johnson, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, Minnesota (for respondents Wilcox and Grand Rapids State Bank)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

In a dispute arising from a lender-borrower relationship, appellant-borrower Patrick Figgins sued respondent-lender Grand Rapids State Bank (GRSB), and respondent Noah Wilcox, chief executive officer of GRSB. Appellant challenges the dismissal of his action for failure to state a claim on which relief can be granted. Because we agree with the district court that appellant's claims are barred by Minn. Stat. § 513.33 (2014), we affirm.

**FACTS**

In 2009, one of appellant's loans with GRSB reached maturity, requiring appellant to make a balloon payment. Appellant did not make the balloon payment and instead sought several refinancing options. Appellant subsequently refinanced all of his loans in early 2010, and again in 2012, with GRSB.

On December 10, 2013, appellant commenced a lawsuit against respondents alleging several causes of action. Appellant voluntarily dismissed his claims for counts I, V, VI, and VII, and the district court issued an order dismissing those claims with prejudice. The remaining counts in the complaint allege misrepresentation (count II), promissory estoppel (count III), and breach of implied duty of good faith and fair dealing (count IV). The complaint asserts, inter alia, that respondents orally represented to appellant that he did not need to make the scheduled balloon payment while the parties

2

negotiated a refinance of appellant's loan; that appellant relied on this statement and did not make the payment; that appellant's application to refinance his loan with a different bank, Woodland Bank (Woodland), was subsequently denied because of respondents' false statement to Woodland that appellant had a poor payment history and was seriously delinquent on his loan; and that, as a result, appellant was forced to refinance with GRSB at above-market interest rates.

Respondents moved to dismiss under Minn. R. Civ. P. 12.02(e), asserting that appellant failed to state a claim upon which relief could be granted. Respondents argued that all of appellant's claims are barred under the statute of frauds, Minn. Stat. § 513.33. Appellant argues that the alleged statement did not create a credit agreement under the statute and is thus not barred by section 513.33 and that, in any event, under the doctrine of promissory estoppel, his claims are not barred.

By order filed May 9, 2014, the district court granted respondents' motions and dismissed the complaint with prejudice.[1] The district court found that appellant's claims all relied on the claimed oral agreement that appellant did not have to make the scheduled balloon payment. Because the district court determined that this was a "credit agreement" that did not meet the writing requirement under Minn. Stat. § 513.33, the district court concluded that appellant's claims were barred. The district court dismissed appellant's complaint for failure to state a claim on which relief could be granted under Minn. R. Civ. P. 12.02(e). After entry of judgment, appellant appealed.

---

[1] The district court's order also granted respondents' motion for summary judgment on respondents' counterclaims. This is not at issue on appeal.

**D E C I S I O N**

Motions to dismiss for failure to state a claim on which relief can be granted are governed by Minn. R. Civ. P. 12.02(e). Under that rule, a claim can survive a motion to dismiss "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014); *see Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010) (stating that a pleading will be dismissed "only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded") (quotation omitted). When addressing a motion to dismiss under rule 12.02, courts "accept the facts alleged in the complaint as true and construe all reasonable inferences in favor of the nonmoving party." *Walsh*, 851 N.W.2d at 606. We review a district court's grant of a motion to dismiss under Minn. R. Civ. P. 12.02(e) de novo. *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013).

The district court dismissed appellant's claims based on its interpretation of Minn. Stat. § 513.33. "Statutory interpretation presents a question of law subject to de novo review." *BankCherokee v. Insignia Dev., LLC*, 779 N.W.2d 896, 901 (Minn. App. 2010), *review denied* (Minn. May 18, 2010). The goals of statutory interpretation are to ascertain and effectuate the legislature's intent. Minn. Stat. § 645.16 (2014). "When the legislature's intent is clearly discernible from a statute's plain and unambiguous language, we interpret the language according to its plain meaning, without resorting to other principles of statutory construction." *Beecroft v. Deutsche Bank Nat'l Trust Co.*, 798 N.W.2d 78, 82–83 (Minn. App. 2011), *review denied* (Minn. July 19, 2011).

4

## I.

The first issue is whether appellant's claims of promissory estoppel, misrepresentation, and breach of implied duty of good faith and fair dealing arise from an oral "credit agreement" as defined by section 513.33, which is required to be in writing. Appellant argues that the "writing requirement of [s]ection 513.33 cannot apply to [appellant's] claims because his claims do not involve an exchange of new consideration or a formation of mutual obligations" and thus are not credit agreements governed by section 513.33. We are not persuaded.

We first review the language of the statute that governs this issue. A "credit agreement," as the phrase is used in the statute, "means an agreement to lend or *forbear repayment* of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." Minn. Stat. § 513.33, subd. 1(1) (emphasis added). "A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." *Id.*, subd. 2. This also includes agreements by a creditor to "take certain actions, such as entering into a new credit agreement, [or] forbearing from exercising remedies under prior credit agreements." *Id.*, subd. 3(a)(3). Accordingly, "claims on agreements falling under section 513.33 fail as a matter of law if the agreement is not in writing." *Greuling v. Wells Fargo Home Mortgage, Inc.*, 690 N.W.2d 757, 761–62 (Minn. App. 2005).

Next, we review several cases that have addressed issues similar to the one raised here. In *Carlson v. Estes*, this court addressed whether an alleged oral statement is a

credit agreement under the statute. 458 N.W.2d 123, 128 (Minn. App. 1992). We found that where the alleged agreement to lower the interest rate on a loan balance went "to the essence of the financial relationship between the parties," it was a "financial accommodation" and thus a "credit agreement." *Id.* We explained there that because the agreement required that the bank waive a claim to monetary value of the higher interest rate, it was "essentially an agreement to forbear repayment of money and clearly constitutes as a financial accommodation." *Id.*; *see also Brisbin v. Aurora Loan Servs., LLC*, 679 F.3d 748, 752 (8th Cir. 2012) (holding that a promise to postpone the foreclosure sale is a financial accommodation within the meaning of Minn. Stat. § 513.33, subd. 1(1)).

Similarly, in *BankCherokee*, the Minnesota Supreme Court determined that oral agreements to satisfy a default on a loan by collecting against other equity, and to provide a "cure" period if there were any defaults, were "credit agreements" within the meaning of section 513.33. 779 N.W.2d at 902. The court explained that these were "promises to forbear repayment of money and make some other financial accommodation" and thus were precluded by section 513.33. *Id.*

Here, we conclude that respondents' oral statement to appellant that he would not have to make the scheduled balloon payment is an agreement to forbear repayment within the plain meaning of the statute. As in *Carlson*, this oral agreement goes to the very essence of the financial relationship between the parties, which was that of a lender and a borrower, and constitutes a financial accommodation by respondents of appellant's obligation to make a balloon payment. *See* 458 N.W.2d at 128. But this oral agreement

was never reduced to writing as required by the statute. *See* Minn. Stat. § 513.33. Because the oral agreement constitutes an unwritten credit agreement on which any action by a debtor is barred by statute, appellant failed to make a claim on which relief could be granted. *See Greuling*, 690 N.W.2d at 761–62. The district court properly concluded that section 513.33 bars appellant's claims.

## II.

Next, appellant makes a separate argument that his promissory estoppel claim stands outside of the statute of frauds in Minn. Stat. § 513.33. In doing so, appellant relies on our decision in *Norwest Bank Minn. N.A. v. Midwestern Mach. Co.*, 481 N.W.2d 875 (Minn. App. 1992), *review denied* (Minn. May 15, 1992). In *Norwest Bank*, we declared that "[a]n agreement may be taken outside the statute of frauds [Minn. Stat. § 513.33] by equitable or promissory estoppel." 481 N.W.2d at 880. In that case, the parties had a long-standing credit-line agreement and a bank officer told the successor owner of the corporation that the credit-line agreement would continue indefinitely. *Id.* at 877. Some years later, the bank reduced the limit of the credit line, causing financial problems for the corporation. *Id.* We concluded that the reasonableness of the corporation's reliance on the bank's promise to extend credit indefinitely was a fact question for resolution by a jury and not suitable for resolution by summary judgment. *Id.* at 880.

In a later decision, however, we dismissed a promissory estoppel claim based on the denial of a new credit agreement, citing Minn. Stat. § 513.33. *Greuling*, 690 N.W.2d at 761–62. In that matter, the promisee claimed that he was induced to purchase a home

on unfavorable terms based on a banker's oral promise that the bank would refinance the entire transaction immediately after closing. *Id.* at 759. He sought to enforce the terms of the promise by claiming promissory estoppel. *Id.* We distinguished *Norwest Bank* by noting that the claim asserted in *Norwest Bank* did not fall under any of the "specifically enumerated agreements in the statute" and that the promise in *Norwest* "concerned additional terms alleged to be part of an existing written transaction." *Id.* at 762. We determined that the promissory estoppel claim asserted by Greuling was an agreement clearly included within the plain language of the statute. *Id.* Therefore, the claims falling under section 513.33 failed as a matter of law.

The facts of this case are similar to the facts in *Greuling*. As discussed above, respondents' oral statement to appellant that he would not be required to make the scheduled balloon payment is a credit agreement that constitutes a financial accommodation under the plain language of the statute. As was the case in *Greuling*, appellant's claims fail as a matter of law. *See* 690 N.W.2d at 761-62; *see also Brisbin*, 679 F.3d at 752 (concluding that lender was entitled to summary judgment on plaintiff's promissory estoppel claim since an oral promise to postpone a foreclosure sale is a "credit agreement" and is prohibited from enforcement under Minn. Stat. § 513.33); *BankCherokee*, 779 N.W.2d at 903 (holding that "an oral promise that constitutes a 'credit agreement' under section 513.33 cannot be enforced under a theory of promissory estoppel). Therefore, the district court correctly determined that section 513.33 precludes appellant's claim of promissory estoppel and dismissed the claim.

**Affirmed.**