**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GAIL L. STANLEY,

              Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

              Agency.

DOCKET NUMBER
DC-0752-15-0317-I-1

DATE: June 4, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Sara McDonough, Esquire, Washington, D.C., for the appellant.

Amanda J. Marlatt, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed this involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2    In this appeal, the appellant alleged that she involuntarily resigned from her GS-13 Decision Review Officer position because the agency denied her March 14, 2014 request to take leave without pay (LWOP) under the Family and Medical Leave Act of 1993 (FMLA), because she had already exhausted her 12-week FMLA leave entitlement at the time of her request. Initial Appeal File (IAF), Tab 1. The appellant asserted, among other things, that the agency failed to honor a host of regulations regarding its obligations under the FMLA, and she argued that the agency failed to notify her that it had designated her earlier request for paid leave as FMLA-qualifying or that the paid leave she took under that request was counted against her 12-week annual entitlement under the FMLA. *Id.* at 5.

¶3    In addition to the usual acknowledgment order, the administrative judge issued a jurisdictional order in which he gave the appellant explicit notice of her burden to establish jurisdiction over her appeal. IAF, Tabs 2-3. In her response, the appellant asserted that she detrimentally relied on the agency's statements that she had exhausted all her available paid leave as well as her 12-week FMLA entitlement. IAF, Tab 4 at 5. She also asserted that the agency should grant her

LWOP request as a reasonable accommodation and claimed that its repeated failure to grant her requested accommodation made her working conditions so difficult that a reasonable person in her position would have felt compelled to resign. *Id.* at 6-7. She further asserted that agency rules require it to grant LWOP to disabled veterans like herself for medical treatment. *Id.* at 7. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant failed to nonfrivolously allege that her resignation was involuntary and noting that the only accommodation the appellant sought was unlimited leave without any anticipated return to duty or job modification that would actually allow her to perform the essential functions of her position. IAF, Tab 8. In reply, the appellant essentially reiterated the arguments described above. IAF, Tab 9.

¶4 In his initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant presented no evidence to show that the agency had engaged in any misrepresentation, deceit, misinformation, or misconduct that deprived the appellant of her freedom to choose whether to resign. IAF, Tab 13, Initial Decision (ID) at 5. Instead, the administrative judge found that the record reflected that the appellant made a clear choice between the potential of negative discipline for being absent without leave (AWOL) and a voluntary resignation. *Id.* The administrative judge further found that the appellant's medical evidence belied her arguments regarding accommodation because it indicated that she lacked the capacity to work anywhere and under any circumstances. *Id.* Lastly, the administrative judge found that, because the record reflected that the appellant had been granted many weeks of leave from duty, she failed to nonfrivolously allege that the agency made her working conditions so difficult that a reasonable person in her position would have felt compelled to resign. *Id.*

¶5 The appellant, who was pro se below but is represented by counsel for the purposes of her petition for review, asserts therein that she had no choice but to resign after the agency rescinded her accommodation to work a flexible schedule.

Petition for Review (PFR) File, Tab 1 at 5, 8. She reiterates her claim that the agency retroactively designated her paid leave request as FMLA-qualifying in her absence and would not approve LWOP as a reasonable accommodation after it determined that she had exhausted her entitlement under the FMLA. *Id.* at 5, 9. She also argues that the agency misinformed and deceived her about her rights and responsibilities under the FMLA because no one told her that her FMLA leave was to run concurrently with her paid leave. *Id.* at 5, 9-10. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

¶6        An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the agency obtained the action through duress or coercion or shows that the agency's actions would have misled a reasonable person. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009). The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of her resignation or retirement, that she had no realistic alternative but to resign or retire, and that her resignation or retirement was the result of improper acts by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). In cases where intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign or retire. *Markon v. Department of State*, 71 M.S.P.R. 574, 577 (1996).

¶7        The U.S. Court of Appeals for the Federal Circuit has said that the doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a

demanding legal standard. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc). Moreover, even though a resignation procured in violation of the regulations for granting leave may be coercive, where an employee is faced with the unpleasant alternative of resigning or being subjected to an adverse action, the resulting resignation cannot be considered an involuntary resignation unless the employee shows that the agency lacked reasonable grounds for threatening to take the adverse action. *See, e.g.*, *Terban v. Department of Energy*, 216 F.3d 1021, 1026 (Fed. Cir 2000); *Schultz v. United States Navy,* 810 F.2d 1133, 1135-36 (Fed. Cir. 1987); *Aurandt v. Department of the Air Force,* 53 M.S.P.R. 591, 596-97 (1992).

¶8      An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation or retirement only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). In this context, a nonfrivolous allegation that a resignation was involuntary is an allegation supported by facts and evidence which, if proven, would make a prima facie case that the appellant's resignation was involuntary. *See id.*; *see also Dennis v. Department of Veterans Affairs*, 62 M.S.P.R. 462, 464 (1994) (citing *Dumas v. Merit Systems Protection Board*, 789 F.2d 892, 893-94 (Fed. Cir. 1986)). We agree with the administrative judge's determination that the appellant failed to make a nonfrivolous allegation sufficient to entitle her to a hearing on her involuntary resignation clam, and we modify the initial decision thusly, in order to clarify the analysis therein.

¶9      First, we note that the appellant relies upon the wrong regulations in her submissions. She cites to the regulations implementing the FMLA in Title 29 of the Code of Federal Regulations, which apply to private sector and postal employees. *See* PFR File, Tab 1 at 9. The regulations at 5 C.F.R. Part 630 apply to federal employees like the appellant. *See, e.g.*, *Burge v. Department of the Air Force*, 82 M.S.P.R. 75, ¶ 18 (1999). Nevertheless, the voluntariness of the

appellant's choice to resign is not affected because, under any analysis and even assuming that the agency did not properly administer the FMLA in this instance, to the extent that the appellant argues that her resignation was involuntary because she believed she would be subject to an adverse action if the agency placed her in an AWOL status, the agency had not yet done so, nor had it proposed an adverse action against her, and the appellant clearly could have contested that action, if and when it did occur. *See, e.g.*, *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), *cert. denied*, 133 S. Ct. 414 (2012).

¶10    We also note that the appellant has provided no authority for her underlying assertion that she was entitled to use her paid sick leave first and then, in a serial fashion, invoke her FMLA leave entitlement for the same condition. Although the agency may allow the appellant to stack her leave in that manner, the appellant identifies no authority for her contention that it must do so. Moreover, as set forth above, the appellant retained the right to challenge any adverse action the agency might take. If an agency bases an adverse action on its interference with an employee's rights under the FMLA, the adverse action is a violation of law and cannot be sustained. *Gross v. Department of Justice*, 77 M.S.P.R. 83, 90 (1997). However, as noted above, the agency has neither proposed nor effected an adverse action in this matter and, as the following analysis indicates, the agency also did not interfere with the appellant's rights under the FMLA such that her resignation was involuntary.

¶11    The Board has not considered a leave interference claim in this context, but the United States Court of Appeals for the Eighth Circuit, interpreting a decision of the United States Court of Appeals for the Sixth Circuit, found that leave interference only occurs in a situation like this when "the employer's action prevents the employee from using benefits to which she is entitled under the [FMLA]." *Walker v. Trinity Marine Products*, 721 F.3d 542, 544-45 (8th Cir. 2013), *cert. denied*, 134 S. Ct. 1293 (2014). Under this rubric, such interference

would occur if the agency forced the appellant to take FMLA leave when she did not have a serious health condition that precluded her from working, and would be ripe for adjudication only if the employee subsequently sought FMLA leave for a serious health condition, but it was unavailable because the employer had wrongfully forced the employee to take FMLA leave in the past, when she did not have a serious health condition. *See Wysong v. Dow Chemical Co.*, 503 F.3d 441, 449 (6th Cir. 2007). Thus, in the instant matter, because the record reflects that the leave requested by the appellant in both instances was for the same serious medical condition, she cannot meet the elements of a claim of leave interference. Moreover, because there is no indication in the record that the appellant would have been able to return to work after an additional 12 weeks of leave, LWOP in this case would only have postponed the appellant's inevitable decision regarding her medical condition and her career.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

   If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

   If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.